Weldon, J.,
delivered the opinion of tbe court:
The claimant, as United States marshal for the district of Montana, brings suit to recover for disbursements of public funds in his official capacity from June 18,1890, to May 6,1894, and alleges in his petition that during said time he made payments to the sheriffs of different counties in his district for the subsistence of United States prisoners arrested under process of commissioners of the circuit court of the United States; that his accounts for such disbursements were presented to the United States court for approval in the presence of the district attorney; that the court approved such accounts; that the accounts so approved were sent to the accounting officers of the Treasury Department.
As to the action of the Department it is alleged: •
“ That his said accounts were adjusted and allowed to him and the amounts thereof were duly placed to his credit, and that thereafter certain portions of said' accounts were erroneously and improperly recharged against your petitioner by direction of the Acting Comptroller, as will appear in his letter dated June 29th, 1894, copy of which is hereto attached, marked Exhibit A, * * * amounting to $2,242.10.
“Tour petitioner further shows that of the sum so recharged against him he has only received $570.00, and that the difference, to wit, $1,666.10, has been paid to the United States by your petitioner, under protest, by a transfer on the boobs of the United States Treasury Department of that amount from the money found due your petitioner under the appropriation ‘Fees and expenses’ to the appropriation ‘Support of prisoners,’ to offset the amount so erroneously recharged against him.” .
The defendants’ counsel insists that the claimant, in the presentation of his accounts, sought to perpetrate a fraud on the United States, and that the transaction comes within the provision of section 1086 of the Devised Statutes, which is as follows:
“Sec. 1086. Any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance of any claim, or of any part of any claim against the United States, shall ipso facto forfeit the same to the Government; and it shall be the duty of the Court of Claims, in such cases, to find specifically that such fraud was practiced, or attempted to be practiced, and thereupon to give judgment that such claim is forfeited to the Government, and that the claimant be forever barred from prosecuting the same.”
*173 It is conceded that the claimant received from the sheriff of Lewis and Clarke County $1,110, but that he has not received from any source the difference which was recharged against him and for which the deduction was made. The suit was brought to recover the sum of $1,066.10, conceding only the sum of $576 as improperly charged against the defendants for a rebate on the subsistence of prisoners.
The evidence shows that during the time covered by the accounts from which the deduction was made the claimant improperly and fraudulently charged the defendants the sum of $1,331, as his disbursements in paying the expenses of prisoners in the custody of sheriffs under the process of United States commissioners of the circuit court, which is $221 in excess of the amount conceded by the claimant. The theory of the petition is that the claimant has the right to recover the difference between what he actually received as rebate and what the defendants deducted, to wit, the sum of $1,131.30; or, conceding the contention of the defendants as to the amount received,- the sum of $910.30 — the difference between the amount deducted and the amount of rebate received by the claimant upon the theory of the defendants’ construction of the evidence.
** To this contention the defendants reply that the fact of the fraudulent claim of the petitioner for the amount of subsistence vitiates and destroys his right to all claim, and that the deduction was properly made even as a forfeiture, and that no recovery can be had in this proceeding.
In other words, it is insisted by the defendants that in the presentation of the claim for a greater amount than was due' the claimant practiced a fraud against the United States, and because of such fraud there is a forfeiture of his right to recover any compensation for fees embraced in such accounts.
The charge of $1,110, as conceded by the claimant, was a part of the accounts out of which the deduction was made and was a part of the claim sued for in this proceeding.
The charges for which the deduction was made did notarise out of a misconstruction of the law as to the claimant’s right as to the fees of his office, but related to a subject-matter about which no uncertainty or doubt could arise.
The evidence shows that the claimant charged at the rate of $1.25 per day, when, in fact, he only paid the sum of 75 cents, *174 having had a rebate of 50 cents per day from, some of the sheriffs who had furnished subsistence for United States'prisoners. While the claimant sought to show that in consideration of the rebate he had performed service for the sheriffs in the interchange of official work, the evidence is not sufficient to relieve the transaction from the fact that the defendants were compelled to pay more than the real consideration for which the prisoners were subsisted, and that, in fact, much more was charged by claimant than he paid for such subsistence. That fact being established, the only question is, does the transaction fall within section 1086, so as to prevent the claimant from recovering the difference between what was deducted by the Department and the actual rebate paid and allowed by the sheriffs.
As has been said, there is no room for a mistake upon the part of the claimant, as he must have known at the time he presented the claim to the defendants that he had received a rebate to the extent now conceded. If in making and presenting his accounts for payment a mistake was made, either in the omission of an item or an overcharge on a misconstruction of the law, the question of the statute would not arise.
But in this case no such mistake is shown by the evidence. The charge was as to a subject-matter about which the claimant could not be mistaken. The section of the law applicable to the charges in controversy, while harsh in its application, must be enforced rigidly, in order to protect the Government against the payment of false and fraudulent claims.
It is the judgment of the court that the case comes within the letter and spirit of section 1086, and the claimant is precluded from a recovery on any of the accounts embraced in the petition, which is hereby dismissed.