Howry, J.,
delivered the opinion of the court:
Plaintiff is a citizen of the United States residing in the State of Colorado, but at the time of the occurrences hereinafter mentioned he resided in Young County, in the State of Texas. He brings suit under the act providing for the adjudication and payment of claims arising from the depredations of Indians (26 Stat. L., 851) for losses alleged in the amended petition to have been sustained by him, amounting to $77,425, for which judgment is prayed. This is something less than the amount set forth in the original petition, one of the depredations originally stated having been abandoned by reason of the judicial determination by this court in another cause of the hostile status of the defendant depredators at the time the depredation so abandoned is alleged to have occurred. The defendants plead fraud in the presentation and prosecution of the claims.
The original petition was filed September 13,1892. Losses amounting to $84,625 and occurring at ten different times are therein charged. The first two depredations are stated as of November 2,1868. These consist, according to the allegations of the petition, of a herd of beef cattle, valued at $7,200, and 745 head of horses, stated to be worth $48,425. Before any testimony was taken this court decided in GameVs *221 Case (31 C. Cls. B,., 321) that a state of belligerency between the defendants in that suit (who are the same defendants here) began September 22,1868, and continued until March 1,1869. This decision disposed of the two items in this action, as originally stated, upon jurisdictional grounds. When the testimony came to bo taken in support of the allegations of the amended petition, plaintiff produced a paper purporting to be an exhibit from entries in his books, by which it appears that there was a loss of 150 head of Texas cattle horses March 10, 1869. It is not claimed that this exhibit is an exact copy from the books, but the copy of a statement which plaintiff says he sent to one of his attorneys of record before the original suit was instituted and upon which the action was to bo brought. That the original petition did not conform to the true date of the depredation, plaintiff says, is the fault of the attorney. The original books of entry are shown to have been destroyed in a fire at Cripple Creek, Colo., some years before the testimony was taken. Plaintiff admits that one of his attorneys apprised him soon after the action of the court in Gamel’s Cíase that under the terms of that decision the principal item of his losses was excluded from the jurisdiction of the court under the pleadings as they then stood.
It is clearly shown that at the time of the various depredations plaintiff was possessed of considerable means and property; that ho traded extensively in stock, and was fulfilling or attempting to fulfill valuable contracts for the delivery of the kind of property which he says he lost under the circumstances stated in the pleadings.
After an elaborate oral argument and a careful review of all the testimony disclosed by a very full and voluminous record, we have reached the conclusion that the evidence fairly preponderates in the plaintiff’s favor upon all the items of the claim except that relating to the loss described in the first count of the amended petition. As to this the evidence is not sufficient to establish to the satisfaction of the court the allegations of this amended petition. If there was a depredation of such a large amount of property at one time as plaintiff alleges in the first count, for which judgment is now asked, it is more reasonable to believe from all. the testimony before us that siich depredation was the act of hostile rather than the *222 act of friendly Indians. The original petition-fixed this loss in November, 1868, and plaintiff appears to have made oath to this pleading in proper person. The subsequent change of the time of the loss under the circumstances attending the filing of the amendment reasonably raises the suspicion that whatever loss there was about that time occurred in the nonamity period. ■ At all events, if an Indian raid caused plaintiff to lose about 750 head of Texas horses at one time so near the period when the reputed raiders were not in amity, we deem it most reasonable to accept the theory that friendly tribes did not commit the wrong.
The findings being adverse to the contention of the defendants on their pleas of fraud, it becomes more of an abstract question than otherwise to consider this subject. Section 1086 of the Revised Statutes provides that “any person who corruptly practices, or attempts to practice, any fraud against the United States in the proof, statement, establishment, or allowance of any claim, or of an}*- part of any claim, against the United States, shall forfeit the same to the Government. ”
This provision of law must be observed whenever a suitor fairly brings himself within its terms, not merely by suspicious circumstances, but from such a preponderating amount of evidence as will make reasonably certain the conclusion that the statute has been violated. In a recent case we had occasion to declare that the statute must be enforced rigidly in order to protect the Government against the payment of false and fraudulent claims. (Furay v. The United States, 34 C. Cls. R., 171.) But that was a case where a marshal had paid 75 cents per day for the subsistence of prisoners and charged the Government $1.25 per day. The fraudulent overcharge was conceded, and we held that the officer forfeited his right to recover the balance of his account because of the clearly fraudulent demand included in the miscellaneous items of his bill. There was no room for mistake. The question of the statute would not have arisen had there been an overcharge on a misconstruction of the law. But the fraudulent attempt to defraud clearly appeared. The element of doubt is too great in the matter we are now considering to say that plaintiff has actually practiced a fraud or that he has attempted to do so.
Discrepancy in dates, numbers of stock, locations, and *223 exaggerated statements in pleadings or proof should not put in operation a statute that can only be construed to apply where there is corrupt practice as the result of an intent to defraud. That intent may have the appearance of having-existed in the mind of the plaintiff in the amended statement presented by him and in the proof offered in support of the principal part of the claim, but is negatived by plaintiff’s frank admission when his testimony came to be taken, that his attorney did in fact inform him of the action of the court in fixing the period of amity, and that his amendment was not offered until after that information came to him. The accompanying explanations leave too much room to doubt actual fraud within the meaning of the statute, and we decline under these circumstances to apply the harsh provision of forfeiture to demands reasonably proved where the effect of doing so is to sajr plaintiff has committed perjury.
The opinion of the court is that plaintiff’s petition be dismissed as to the item covered by the first count, but that on all the other counts in the petition judgment be entered in his favor for the sum of $25,380.