Per Curiam :
This is a proceeding in the Court of Claims arising upon a reference by the Senate of the United States of a bill providing an appropriation of $133,872.44 for the hull, machinery, and appurtenances for a revenue cutter known as the Daniel Manning, in full payment and discharge of the claims of the Atlantic Works for work done on and material furnished to the vessel. Our findings of fact and conclusions ,of law are intended to be advisory to Congress.
*17 An added importance is given to the issues involved by a plea of the Government based upon section 1086, Revised Statutes, now section 172, Judicial Code, whereby a forfeiture of the alleged claims is sought and a further contention based upon section 3477, Revised Statutes, which declares all transfers and assignments of any claim against the United States to be null and void. It has been held that a rigid enforcement of said section 172 is required for the reasons stated in Terrill's case, 35 C. Cls., 218.
Whether in a case pending here upon a congressional reference the court should declare a forfeiture of the- claim set up in a petition because of section 1086, if the court should find the facts to be as alleged, in a plea based upon said section, or should report to the House by which the bill was referred the facts found upon the entire record, including those in support of the plea and its conclusions of law on both phases, it is not now our purpose to determine.
Arguments have been heard upon what counsel for defendants term “ a cross bill,” the averments of which are for the most part denied by the claimant. Strictly speaking, a cross bill relates to equity proceedings and not to actions at law, and the said pleading is more accurately characterized as a special plea interposed by the Government. A similar plea has been filed in a number of other references and in a number of cases under special acts of Congress conferring upon this court jurisdiction to hear and determine claims similar to the matter involved in the reference before us. Taking the petitions all together, it is made to appear that the aggregate of the claims filed under the two jurisdictions amounts to more than two millions of dollars. In each of these cases a special plea, such as appears in the instant case, has been filed, and the Government relies upon the allegations of the pleas relating to alleged transfers and assignments to and action by one McKay, who, it is inferentially at least alleged, is the real party in interest, who instituted and until his death directed the prosecution of the suits. McKay is dead, but there appear to be executors of his will and representatives of his estate, and perhaps other private interests involved, and it is manifest that the question of who is prose *18 cuting this case, for whom it is being prosecuted, and who are the real parties in interest and the interest of each, as well as other matters, may be very important when the court is called upon to pass judgment upon a plea alleging fraud and seeking a forfeiture of the claim. Whether the court may or may not, of its own motion, direct the examination of parties under section 1080, Revised Statutes, which is section 166, Judicial Code, it is clear that said section confers a privilege upon the defendants which can be availed of by them. Truit's case, 30 C. Cls., 29. In the Globe Woríes case, that being in the class of cases above referred to, an order was entered remanding the case with leave to either party to take additional proof. The evidence there relied upon to sustain said plea is substantially the same as is adduced here. No other proof has been adduced. Under the issues joined, the interests of parties, claimant and defendants, and the administering of justice as well, demand that the court should not be left, when such grave charges are made, to grope in uncertainty which may be removed, especially when it appears to the court at the argument that available testimony other than that in the record exists. The court feels it to be its duty to the private as well as to the public interest to give the parties the opportunity to supply the same- With possession of all the facts the court can more confidently make a decision.
We have decided to remand this case to the general docket, with leave to both parties to take such further testimony as they may be advised is material, and when it comes on again for hearing we will consider the entire case and not confine the hearing to the questions presented by the “ cross bill ” or special plea. Nor will we hear the other cases above referred to upon a special plea alone, but the court will require submissions upon all issues raised in the record in the several cases.
If the defendants desire to have an examination of any party under the provisions of said section 166, Judicial Code, a motion to that effect can be submitted to the court.
The case is accordingly remanded.