**BRANCH BANKING & TRUST CO. et al. v. UNITED STATES.**

No. 47210.

United States Court of Claims.

Jan. 3, 1950.

Ward E. Lattin, Washington, D. C., for the plaintiff.

William A. Stern, II, Washington, D. C., with whom was Assistant Attorney General H. G. Morison, for the defendant.

Before JONES, Chief Judge, and HOWELL, WHITAKER, LITTLETON and MADDEN, Judges.

HOWELL, Judge.

Plaintiffs sue to recover $242,170.85 alleged due under a cost-plus-a-fixed-fee contract.

Defendant by a special plea in fraud avers that the claim for the balance of the fixed fee in the sum of $61,111.50 should be forfeited to the United States.

In the month of December 1940, plaintiffs entered into a cost-plus-a-fixed-fee contract with the defendant, the United States of America, for the construction of an anti-aircraft firing center near Wilmington, North Carolina. The contract provided that plaintiffs would be paid by defendant a fixed fee of $270,942. The contract further provided for reimbursement of plaintiffs by the defendant for the cost of labor, materials, rental of equipment, insurance, and, in general, all expenses except overhead and executive compensation in connection with the work to be done. Plaintiffs allege performance of their work under the contract and acceptance by defendant.

Plaintiffs claim $181,059.35 as reimbursement for expenditures under the contract and $61,111.50 as the unpaid balance of the fixed fee.

Plaintiffs were required under the contract to keep accurate records and books of account, to take all cash and trade discounts and rebates, and to account for and apply them in reducing the cost of the work. They also agreed at all times to use their best efforts in all acts under the contract and to protect and subserve the interest of the defendant.

Under the contract the rental for equipment owned by the plaintiff contractors was to be computed by taking the fair valuation of the equipment at the time of its arrival at the site of the work. When the total rental paid on this equipment equaled the fair valuation, plus 1% per month during the use of the equipment, no more rental was to be paid and title thereto was to vest in the Government. The defendant's rental schedule for equipment owned by plaintiffs allowed plaintiffs reimbursement for depreciation, taxes, insurance, storage, and interest on the investment but excluded profit. Under the contract, rental paid by plaintiffs for equipment owned by third parties was allowed as a cost to them but such rental was at a rate which included a profit to the third party owner. Although equipment rented from these third parties was subject to acquisition by defendant, there was no requirement to account to defendant for rebates received. The cost to the defendant for the rental of third party equipment would thus be greater than the costs to it for the use of plaintiffs' equipment.

In support of its plea in fraud, defendant alleges that in the performance of the contract plaintiffs caused to be entered on the rental rolls 130 automobiles, trucks, and cars in the name of William R. Jones. A rental agreement executed in the names of Jones and plaintiffs was approved by defendant's agent. A separate schedule for each of the cars' rental signed by Jones and a Government representative was attached to the agreement. The rentals on these schedules were third party rentals and consequently larger in amount than they would have been had the equipment been owned by plaintiffs. Defendant alleges that this equipment was at all times the actual property of "plaintiffs Grannis and/or Sloan" whereas plaintiffs represented that the vehicles were owned by Jones. Defendant urges that these representations were false and known by plaintiffs, or some of them, to be false.

On various dates, plaintiffs issued 10 vouchers, aggregating $260,539.41, to defendant covering the rental of the vehicles and the recapture thereof by defendant. Had plaintiffs not misrepresented the ownership of this equipment, the vouchers would have aggregated $228,184.38. By reason thereof, plaintiffs issued vouchers for $32,355.03 more than they were entitled to receive. Defendant, believing the representations to be true, paid the vouchers aforesaid, to its damage.

Defendant alleges that plaintiffs have not performed their undertakings under the contract, in that they have corruptly practiced fraud against the United States in the proof, statement, establishment, and allowance of rental vouchers. Defendant contends that plaintiffs' present claim for the unpaid balance of the fixed fee, totaling $61,111.50, must therefore be forfeited.

As a result of the above transactions with respect to the rental equipment, the United States brought suit in the District Court for the Eastern District of North Carolina against E. W. Grannis, Karl Sloan and William R. Jones, to recover damages pursuant to Rev.Stat. § 3490, 31 U.S.C.A. § 231. On appeal, the Circuit Court of Appeals[1] reversed the District Court and found the defendants guilty of fraud with respect to the ten reimbursement vouchers in question and judgment was entered against defendants for double the amount of damages sustained by the Government. The reimbursement vouchers which were the subject matter of that lawsuit are not involved in the present litigation.

Plaintiffs demur to defendant's plea in fraud on the ground that the plea does not state facts sufficient to constitute a cause of defense in that no fraud is alleged in the special plea with reference to that part of the petition before the court which consists of two vouchers covering payment of the balance of the fixed fee in the sum of $61,111.50.

The authority in this court to cause a claim against the United States to be forfeited, and upon which the defendant apparently relies, is contained in Title 28 United States Code Annotated, § 2514, and reads as follows:

1. 4 Cir., 172 F.2d 507, certiorari denied 337 U.S. 918, 69 S.Ct. 1160.

"A claim against the United States shall be forfeited to the United States by any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance *thereof*.

"In such cases the Court of Claims shall specifically find such fraud or attempt and render judgment of forfeiture." [Emphasis supplied.]

Title 28 United States Code Annotated, § 2514, was formerly Title, 28 United States Code Annotated, § 279, former Revised Statute, 1086, which read as follows: "Any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance of any claim or of any part of any claim against the United States shall, *ipso facto,* forfeit the *same* to the Government; and it shall be the duty of the Court of Claims, in such cases, to find specifically that such fraud was practiced or attempted to be practiced, and thereupon to give judgment that *such* claim is forfeited to the Government, and that the claimant be forever barred from prosecuting the *same*." [Emphasis supplied.]

The legislative history of Revised Statute § 1086, later Title 28 United States Code Annotated, § 279, is helpful in showing the intent of Congress as to the scope of this section. Revised Statute, § 1086 was enacted into law March 3, 1863. It was included as one of the provisions of a bill introduced in the House of Representatives on January 17, 1862, as House Resolution 226 by Albert G. Porter. On February 19, 1862, the bill, H.R. 226, was reported to the House with majority and minority Committee reports. The House report contains the following statement with respect to the forfeiture provision: "To provide further against attempts to practice frauds upon the Government in the proof, statement, establishment, or allowance of any claim, the bill contains a provision that a corrupt attempt to practice such fraud will work a forfeiture of the *particular claim*." [Emphasis supplied.] On April 15, 1862, the bill came before the House for debate. Mr. Porter, its author, addressed the House on that date "in explanation of the purpose of the bill," and with respect to the section thereof which was to become Revised Statute, § 1086 he stated: "To provide further against attempts to practice frauds upon the Government in the proof, statement, establishment, or allowance of any claim, the bill contains a provision that a corrupt attempt to practice such frauds shall work a forfeiture of the *particular* claim." [Emphasis supplied.]

The language of Title 28 United States Code Annotated, § 2514, is to the effect that the particular claim which is fraudulently prosecuted is the claim forfeited. The legislative history of that section evidences that Congress intended that construction. To interpret the provision to require the forfeiture of a nonfraudulent claim honestly prosecuted is to torture the plain meaning of that provision and disregard the manifest intent of Congress.

In construing Title 28 United States Code Annotated, § 279, now Title 28 United States Code Annotated, § 2514, in the case of F. B. Crovo & Co. v. United States, 100 C.Cl. 368, this court said: "This section is obviously aimed at fraud committed for the purpose of securing the payment of a claim. * * * If not made for the purpose of securing or furthering the payment of the claim, they (the false statements) do not constitute the fraud condemned by this section."

This court dealt directly with the forfeiture provision in Furay v. United States, 34 C.Cl. 171, cited by defendant in support of its argument. The court held that fraud in the proof, statement, establishment, or allowance of a part of a claim will cause the entire claim to be forfeited. It is difficult to see how this holding supports defendant's contention that fraud in a claim not before the court will. require the forfeiture of a nonfraudulent claim before the court. Defendant has not alleged fraud in the proof, statement, establishment, or allowance of the claim before the court as to the whole claim or as to any part of it.

Defendant cites the dicta of this court in the case of New York Market Gardeners' Association v. United States, 43 C.Cl. 114. Our decision in that case was that the

780

fraud charged in the performance of the contract was not proved. Parenthetically, the court added that where fraud in the performance of a contract enters into every part of that contract, a claim based on the fraudulent performance would be a fraudulent claim and thus within the forfeiture provision of the statute. Defendant has not alleged that the claim in the instant case is based upon a fraudulent performance.

The judicial pronouncements of this court interpreting Title 28 United States Code Annotated, § 2514, accord with both the plain language of that section and the meaning Congress intended that section to have as indicated by its legislative history.

It is unnecessary for the purpose of this decision to decide the other grounds raised by plaintiffs as a basis for their demurrer.

Accepting defendant's allegations in the special plea in fraud as true, they do not allege fraud in connection with the claim now before this court and are therefore not sufficient to support a forfeiture of that claim.

The plaintiffs' demurrer is sustained and the special plea in fraud is dismissed.

WHITAKER and LITTLETON, Judges, concur.

MADDEN, Judge (dissenting).

I think the court has interpreted the forfeiture provision of 28 U.S.C.A. § 2514 too narrowly. The plaintiffs had a contract under which they were to receive, as their compensation, the reimbursement of their costs of performance, plus a fixed fee. In its Special Plea in Fraud the Government alleges that they padded their costs of performance, and thereby received some $32,-000 more of reimbursement of costs than they were entitled to. The present suit by the plaintiffs is for the unpaid balance of the agreed fixed fee. The court sustains the plaintiffs' demurrer to the Government's plea, on the ground that the fraud alleged was not committed in regard to the claim sued on.

I agree that the forfeiture statute was not intended to forfeit an otherwise valid claim of a claimant merely because, in some other unrelated transaction, he had defrauded the Government. But where the alleged fraud was committed in regard to the very contract upon which the suit is brought, I think the court does not have the right to divide the contract into separate items, and allow recovery on some items, though other items were dishonestly performed. That would mean that if one contracted to deliver hay, oats, and corn to the Government at unit prices for each commodity, based on units of weight, and he presented false weights for the oats, but not for the hay or corn, he could obtain a judgment against the Government for the hay and corn.

I think the "claim" to which the statute refers is, in the case of a contract, the claim to enforce the contract. Much or little of it may remain unperformed by the Government at the time the suit is brought, but the suit is on the contract, and the contract, the basis of the claim, is, I think, forfeited.

JONES, Chief Judge, concurs in the foregoing opinion.