Richardson, J.,
delivered the opinion of the court:
That the claimant has a just demand against the defendants for the sum of $824.98, for transportation, as set out in his petition and in the findings of fact, has not been a matter of controversy.
The defendants have filed a counter-claim to recover back $14,024.39 alleged to have been paid to the claimant upon a voucher falsely and fraudulently purporting that such amount at the time of its payment was due and payable from the United States to him for certain subsistence stores stated therein to have been purchased by the United States of him, and by him delivered to the defendants’ officers at Fort Berthold, in Dakota Territory, whereas, it is further alleged, the stores described in said voucher were never furnished and delivered as therein certified to.
The findings of fact fully sustain the allegations of the counter-claim. The claimant received the $14,024.39 upon a fraudulent voucher issued by an Indian agent, purporting to be in consideration of certain stores delivered by him to said agent, while in point of fact the claimant never delivered any such stores, and the agent never received them, either from the claimant or from anybody else.
The whole transaction, as to issuing the voucher and collecting money thereon, is now proved to have been a complete *319 fraud. That fraud the accounting officers had no means of detecting when they passed the account on which payments were made. Claimants are not required in the Treasury Department to prove their cases with all that strictness required here and in other courts of law. The department is not organized for the trial of cases in that way. The accounting officers have to depend upon the assumed integrity of other officers who have authority to receive supplies and issue vouchers, and no counsel appears before them to look up and interpose defenses. Affidavits and ex parte evidence constitute all that is presented in the support of claims.
When, in the course of the examination of accounts in the Departments, suspicions are aroused or doubts are entertained as to the validity of the demands of claimants, the parties may be sent to this court to prove their eases under the rules and forms of law, upon legal and competent evidence, or their demands may be rejected altogether, leaving the claimants to prosecute them here upon their own voluntary petitions, if they so desire. That is the main protection which the accounting officers can secure for themselves and for the government in the case of claims of doubtful validity in fact or in law, and especially of claims as to which there is a reasonable suspicion of fraud, irregularity, or error.
It is but a just and well deserved tribute to the public officers of the United States government generally, and to the vigilance of the accounting officers in particular, to say that in the immense business of this government cases of payment on fraudulent vouchers and claims are of rare occurrence.
The present case is one of the rare exceptions, and even here, although the accounting officers were at first deceived, as well they might have been, the fraud was suspected before much more than half the money demanded was paid, and the remainder was refused.
The defendants’ counter-claim is allowed, and for the balance over and above what is proved to be due the claimant on. his demand sued upon they will have judgment in the sum of $13,199.41.