Whitaker, Judge,
delivered the opinion of the court:
This is a suit by plaintiffs to recover the sum of $1,286.28, the purchase price of vegetables sold the defendant. The defendant filed a plea of set-off alleging that six or seven years previously the plaintiffs had collected money from it on false vouchers, the amount of which it sought to offset against plaintiffs’ demand. Plaintiffs filed a demurrer to this plea. The demurrer was sustained. Defendant then filed an amended plea of set-off, to which the plaintiffs have filed a demurrer. The case is now before us on this demurrer.
Defendant’s amended plea of set-off differs in no substantial respect from its original one, except that it adds Count II. Except for this addition, it would not be again considered.
Count II alleges that from six to nine years prior to the transactions on which plaintiffs now sue they had sold defendant some fruits and vegetables, and that in presenting vouchers therefor they had knowingly “misstated” the particular items sold and the total price of them, and that this had “facilitated” certain defalcations of a Captain Bad-cliffe. The amount paid plaintiffs on these allegedly false *370 vouchers, the defendant seeks to offset against plaintiffs’ present claim.
There is no allegation that more was paid plaintiffs on the false vouchers than was due, nor is there an allegation that the alleged false statements were made for the purpose of facilitating Captain Radcliffe’s alleged defalcations.
Defendant’s plea is based upon the provisions of section 1086, of the Revised Statutes (Title 28, U. S. C. sec. 279), which reads:
Any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance of any claim or of any part of any claim against the United States shall, ipso facto, forfeit the same to the Government ; and it shall be the duty of the Court of Claims, in such cases, to find specifically that such fraud was practiced or attempted to be practiced, and thereupon to give judgment that such claim is forfeited to the Government, and that the claimant be forever barred from prosecuting the same.
This section is obviously aimed at fraud committed for the purpose of securing the payment of a claim. Defendant does not allege in its plea that the alleged “misstatements” were made for this purpose. It does not state for what purpose they were made. If not made for the purpose of securing or of furthering the payment of the claim, they do not constitute the fraud condemned by this section.
As stated, the plea does not allege they were made for the purpose of facilitating Captain Radcliffe’s defalcations. If they had been, they no doubt would have subjected plaintiffs to criminal prosecution for conspiracy to defraud the United States, but, even so, this would not bring the claim within the provisions of section 1086, since it is not alleged that this was done to aid in the establishment of their claim against the United States.
Furthermore, it is to be doubted whether defendant’s plea can be sustained in the absence of a showing of pecuniary loss. At common law, it was necessary, in order to maintain an action of deceit, to show that damage resulted from the deceit. Here there is no such allegation. Nor does *371 section 1086 provide for an action to recover money paid on a false claim. TLe only remedy given the Government by this section is the forfeiture of the claim, and in consequence the relief of the Government from liability therefor. After payment there is no claim to be forfeited. It may be the Congress might have provided for a suit against a claimant who had been paid on a false claim, if it had thought of it, but it has not done so.
Although it is not necessary to show a pecuniary loss to defeat a fraudulent claim, it is necessary to do so where a claim has been paid and an action is brought to recover the amount paid. In such case recovery can be had only to the extent of the pecuniary loss sustained. Charles v. United Stales, 19 C. Cls. 316, does not hold otherwise. There a pecuniary loss was sustained and the offset was allowed to the extent of it.
The demurrer to defendant’s amended plea will be sustained and the plea dismissed. Proof will be taken only on the allegations of plaintiffs’ petition. It is so ordered.
MaddeN, Judge; LittletoN, Judge; and What/by, Chief Justice, concur.
JoNes, Judge, took no part in the decision of this case.
On plaintiff’^ motion for judgment, to which the defendant appended a statement to the effect that it “has no objection to the entry of judgment for plaintiffs in the amount of $1,286.28 other than defendant’s set-off”, and it appearing that on December 6, 1943, the court sustained the plaintiffs’ demurrer to the defendant’s amended Plea of Set-off, and dismissed said Plea; and it further appearing that on January 26, 1944, a stipulation was filed, signed by the parties, in which it was agreed that “during the months from November 1941 through August 1942 plaintiffs sold and delivered to defendant, pursuant to purchase 'orders duly authorized and entered into by representatives of defendant, certain fruits and vegetables for an aggregate purchase price of $1,727.74, of which sum defendant has paid plaintiffs the *372 sum of $437.66 and defendant was allowed by plaintiffs a credit of $3.80 for returned merchandise,” and that “defendant has not paid the balance of said sum, to-wit, $1,286.28”; and it further appearing that on January 28,1944, the commissioner of the court to whom the case was referred filed a memorandum report in which it was recommended that judgment be entered in favor of plaintiffs in the amount of $1,286.28, it was ordered February 7,1944, that plaintiffs’ motion for judgment be allowed, and judgment was entered for plaintiffs in the said sum of $1,286.28.