This case is before the court on the plaintiffs’ motion for judgment on the pleadings. There is no cross-motion. The case has been considered on the briefs and oral argument of the parties.
Plaintiffs alleged that they were the fee simple owners of a tract of land in Bass River Township, New Jersey, that they leased the land to defendant as a bombing and gunnery range for a term not to extend beyond August 31, 1977, at a rental of $3,516.67 per month, later extended to February 28,1978. Defendant has failed and refused to pay the rent for September, October, and November 1977 (and still refuses the rent for these and all later months). The Answer sets up as a first defense that the Attorney General of New Jersey has brought a suit in state court challenging plaintiffs’ title. Defendant avers on information and belief *672 that plaintiffs do not have valid title. It says it has placed the rent in "an isolated national budget account” pending the outcome of this suit.
As a second defense, defendant says that in executing the lease, plaintiff and defendant acted under mutual mistake as to the status of plaintiffs’ title. As a third, defendant says that during the negotiations, plaintiffs knew they did not have valid title, and their assertions that they did constituted fraudulent misrepresentations. The defendant counterclaims for the rent already paid on the grounds of mutual mistake and fraudulent misrepresentations.
There is nothing to show, and no allegation, that the Attorney General of New Jersey, or anyone else, disturbed the defendant in its use and enjoyment of the property during the life of the lease.
Plaintiff relies on the rule, stated to be that of the New Jersey courts, and also cites the American Law Institute, Restatement of the Law of Property, Second, Landlord and Tenant (1976), Vol. 1, Sec. 4.13 at 140 to this effect:
Except to the extent the parties to a lease validly agree otherwise, after the tenant enters into possession there is no breach of the landlord’s obligation because of the existence of a paramount title.
This is explained in the Restatement by the fact that the tenant’s expectations are not frustrated and the landlord is not in default.
Defendant admits that state law and the Restatement so provide, and that its defense of mutual mistake adds nothing: if the above rule were inapplicable in instances of mutual mistake as to title, the exception would swallow up the rule. Defendant would have us repudiate the Restatement rule and announce a contrary "Federal” rule. In Keydata Corp. v. United States, 205 Ct. Cl. 467, 504 F. 2d 1115 (1974), in another case of a claim against the United States on account of leasehold obligations, this court did repudiate the law of the state where the land lay, but it did so to embrace the contrary rule of the Restatement as the "Federal” rule, not to embark on a course contrary to both local law and the Restatement. Defendant fears it might have to pay rent to two different parties for the same premises, but we think its safeguards against that, by our third party procedures (Rule 41) are at least adequate. The *673 Restatement rule appears carefully thought out by experienced and knowledgeable lawyers and scholars. To persuade us to depart from it would require, at least, a convincing demonstration that it is wrong, absent here. If landlords to the Federal Government are not to learn what their rights are from the leases themselves, or regulations incorporated by reference in the leases, or local law, or the Restatement, where are they to turn? Thus we reject defendant’s first and second defenses and the corresponding portions of the counterclaim.
The fraud defense is harder to deal with. All we have are the bare pleadings of the parties, by which it appears the defendant had used the property for years under a permit issued by New Jersey, but subsequently, leased the property from plaintiffs relying on their "repeated assertions” that they held "valid title.” It looks as if there was and long had been some conflict between the pretensions of New Jersey and of the plaintiffs, although counsel said on oral argument the present suit of the New Jersey Attorney General was to enforce the rights of others, not the state’s own. Defendant pleads that plaintiffs made during the lease negotiations assertions that they owned the property, knowing that they did not. These could have been mere conclusory allegations of ultimate ownership. A person’s mere statement that he owns real property can hardly be fraudulent if he has any color for it at all. In this context, fraud would seemingly require fraudulent concealment of defects in the title or adverse claims of others. Defendant admitting as it does it switched its adherence from New Jersey to the Kaufman’s as landlords, does not explain what words the Kaufman’s used that were so persuasive to obtain the switch. Our Rule 33(b) requires that—
In all averments (1) of fraud (including a plea by the United States that the plaintiff has practiced or attempted to practice fraud), * * * the circumstances constituting fraud, * * * shall be stated with particularity. * * *
The purpose of Rule 33(b) is to exact more than the usual "notice pleading” when defendant relies on fraud allegations, and we do not think defendant has complied with the rule here.
Plaintiff says defendant was not damaged by the alleged fraud, since its enjoyment was undisturbed during the *674 lease term. This overlooks the provision, manifestly intended as prophylactic, in 28 U.S.C. § 2514, that any claim against the United States is forfeit by any person who corruptly practices or attempts to practice fraud against the United States in the proof, statement, establishment, or allowance, of the claim. Under this section it is necessary to show a pecuniary loss if the government is to recapture moneys paid over on a counterclaim, but it is not to forfeit an unpaid claim. Crovo v. United States, 100 Ct. Cl. 368 (1943). Thus the absence of injury is valid only as a defense against the counterclaim.
Our conclusion is that defendant’s first and second defenses and first and second counterclaims must be stricken, but we cannot say that defendant’s third defense is so manifestly invalid defendant cannot maintain it. It is subject to being stricken, however, on another motion, unless the defendant amends within 30 days to show with particularity the facts on which it relies to establish its charge of fraud. The trial division will have to decide whether it is advisable to suspend to await the outcome of the New Jersey suit.
IT IS SO ORDERED.
August 17, 1979
On August 17,1979 the court entered an order reading in part as follows:
The 30-day time period has now expired and in further submissions defendant has stated it "has decided not to pursue its claim of fraud” and "has no objection to plaintiffs’ motion for judgment on the pleadings.” Defendant, however, wishes to emphasize it has not waived its objection that plaintiffs do not have title to the leased property, an issue which has been the subject of litigation in New Jersey state courts. Our opinion is not to be construed as a title determination of the property in question. We decide only that in plaintiffs’ action for rent due, defendant, under the circumstances, is estopped to deny plaintiffs’ title. Since defendant is unable to sustain any other defense to plaintiffs’ claim for rent, such as fraud, plaintiffs are entitled to judgment as a matter of law. Plaintiffs sued for rent for the months of September, *675 October, and November 1977, at $3,516.67 per month for a total of $10,550.01, and it is this amount we award.
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions and other papers and after oral argument, that plaintiffs’ motion for judgment on the pleadings is granted, and plaintiff is awarded ten thousand five hundred fifty dollars and one cent ($10,550.01).