Contracts; contract to sell real estate; oral agreement to make repairs; alleged breach. — On January 11, 1980 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith, Judges.
Plaintiffs, husband and wife, purchased from a United States agency, the Federal Housing Administration (FHA), a rehabilitated house at Levittown, New York. It was, alas, one of the many that had fallen into disrepair and had to *547 be restored. The work was going on but incomplete when the parties signed a contract of purchase. Plaintiff says defendant promised to complete after closing whatever was not then complete. The gravamen of the complaint is that certain items of restoration or improvement were promised but never done. Plaintiffs’ petition is in three counts, the first founded on fraud, the second and third on pure breach.
Defendant moves for summary judgment, alleging that the action sounds in tort, and is therefore outside our jurisdiction; that the officer alleged to have promised the disputed work lacked authority to do so; and that the alleged agreement was void because not in writing, under New York and Federal law.
The first count must be dismissed because, especially when read with the second and third, it alleges matter outside our jurisdiction, which does not encompass fraud claims. Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F. 2d 817 (1974). The count moreover alleges breaches of promises to do things in futuro, which normally would not be seen as fraud, however reprehensible. Our rule 33(b) requires a specificity in pleading which is lacking here. If anyone defrauded the plaintiffs, the rule requires that we be told how. The case therefore reduces itself to a pure breach claim under counts 2 and 3.
The person who made the alleged promises, an FHA employee named Thomas Milano, is now deceased. Defendant attempts to show by his job description that he lacked authority to make promises of the kind involved on behalf of the government. We think, however, it is normally futile to try to use a job description in this manner. It is written to enable job classifiers to determine the incumbent’s grade and salary. It does not mean that, at least occasionally, an incumbent may not be ordered to do things outside his job description, or that the incumbent may refuse to do them. Burton v. United States, 186 Ct. Cl. 172, 404 F. 2d 365 (1968), cert. denied, 394 U.S. 1002 (1969). And of course an ultra vires act of a subordinate can always be ratified by higher authority.
It is not necessary to go into the question of Mr. Milano’s authority because before his decease he executed a statement describing the controversy, how it arose, and *548 what he did to resolve it. Defendant attaches this to its motion. Plaintiffs’ opposition embodies no counter affidavit or any evidence whatever, and by the rules governing summary judgment, Mr. Milano’s statement must be taken as true. It is an official government record prepared in course of his duties. It denies the plaintiffs’ complaint in all relevant respects. They insisted on closing before the work was complete, but according to Mr. Milano, they eventually got everything promised except one vent hole. This they refused to admit the contractor’s men to do. Mr. Milano says the plaintiffs broke down partitions and made other changes after closing. He says the kitchens and bathrooms of the development were standard types and nobody promised to change them for the plaintiffs.
Defendant also relies on a contract clause by which the purchaser agreed to accept the property in its present condition except for a list of exceptions for which space was allowed, but the space was vacant and there was no list.
The court is satisfied that defendant has backed its motion with sufficient exhibits to sustain it, and plaintiffs cannot beat something with nothing. There is no relevant fact issue requiring trial.
Accordingly, on the record and briefs, but without oral argument, it is ordered that defendant’s motion for summary judgment be granted and the petition is dismissed.