The plaintiff in this government contracts case moves to dismiss the defendant’s fifth counterclaim for its failure to state with particularity the circumstances constituting the fraud which the counterclaim avers. We hold that the counterclaim adequately states a claim for relief under the False Claims Act, but that the plaintiff is entitled to a more definite statement identifying the persons with whom the plaintiff is alleged to have "combined and conspired.” In view of pending grand jury proceedings dealing with the subject of the counterclaims, however, the defendant will not be required to submit this statement until the grand jury proceedings terminate.
I.
The plaintiff commenced this action to recover damages for alleged breaches by the defendant of five construction contracts with the National Aeronautics and Space Admin *851 istration (NASA) for work at the John F. Kennedy Space Center in Florida. The plaintiff also took 22 appeals to the NASA Board of Contract Appeals (Appeals Board) from decisions of the contracting officer regarding change orders issued in connection with the performance of those contracts. The Appeals Board has rendered decisions in three of these appeals. The plaintiff states that these administrative proceedings are not part of but are separate from its claims here, and that it has not sought review in this court of any of the decisions of the Board.
In its answer to the plaintiffs petition, the defendant has included five counterclaims and a special plea in fraud. The plaintiff has filed answers to the counterclaims and a reply to the special plea in fraud.
Each of the counterclaims seeks recovery of "such damages and forfeitures as are authorized” by the False Claims Act, 31 U.S.C. §231, et seq., that is, "double the amount of damages which the United States may have sustained by reason of’ the plaintiffs acts, plus a forfeiture "of $2,000” for each "act” in violation of the statute. 31 U.S.C. §231. See United States v. Bornstein, 423 U.S. 303, 312 (1976).
The False Claims Act entitles the United States to recover these damages and forfeitures against any person.
who shall make or cause to be made, or present or cause to be presented, for payment or approval, . . . any claim upon or against the Government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, or who enters into any agreement, combination, or conspiracy to defraud the Government of the United States, or any department or officer thereof, by obtaining or aiding to obtain the payment or allowance of any false or fraudulent claim....
31 U.S.C. §231.
The defendant’s first counterclaim alleges that in performing three of the contracts the plaintiff knowingly *852 submitted false, fictitious, and forged documents pertaining to the qualifications and certifications of its welding inspectors. The second, third, and fourth counterclaims allege that in fulfilling change orders in connection with four contracts the plaintiff fraudulently misstated and misrepresented to the defendant the amounts of certain cost proposals submitted to it by two of its subcontractors. These three counterclaims identify the subcontractors and specify the amounts of the false claims which the plaintiff is alleged to have submitted, the amounts alleged to have been submitted to the plaintiff by the subcontractors, and the amounts the plaintiff is alleged actually to have paid the subcontractors.
As its fifth counterclaim — which the plaintiff now moves to dismiss — the defendant recites the docket numbers of the plaintiffs appeals to the Appeals Board. The following paragraph in full states:
66. On the basis of information and belief, and insofar as the aforementioned claims and appeals involve change orders and subcontractor cost proposals, defendant avers that plaintiff, Mayfair Construction Company, and divers other persons, combined and conspired to defraud the Government of the United States by submitting claims known to be false, fictitious, and fraudulent.
As its special plea in fraud under 28 U.S.C. §2514, the defendant incorporates by reference all the averments of its counterclaims and further alleges that the plaintiff "has practiced, or attempted to practice, fraud against the United States” in presenting its claims before NASA and in its petition in this court. This plea seeks that such claims therefore be "forfeited to the United States,” as 28 U.S.C. §2514 requires. The plaintiff moves for dismissal of this plea only "insofar as [it] incorporates [the defendant’s fifth] counterclaim by reference . . . .”
II.
This court’s Rule 33(b) requires that "all averments . . . of fraud (including a plea by the United States that the plaintiff has practiced or attempted to practice fraud)” state *853 "with particularity” "the circumstances constituting fraud ...."
The defendant’s fifth counterclaim, unlike the other four, does not allege or require proof that the plaintiff actually submitted any false, fictitious, or fraudulent claims or certificates. Rather, it charges that the plaintiff "combined and conspired” with "divers other persons” "to defraud the Government of the United States by submitting” claims it knew to be false and fictitious. Since the essence of a combination or conspiracy is the illegal agreement itself, this counterclaim is not required to give specific instances of fraudulent conduct or, as the plaintiff argues, to state "what facts or statements made before [whom] are allegedly untrue.” See United States v. Kates, 419 F. Supp. 846, 852 (E.D. Pa. 1976); United States v. Ben Grunstein & Sons Co., 127 F. Supp. 907, 912 (D.N.J. 1955).
It is also immaterial to the sufficiency of the pleading that some of the appeals whose docket numbers the fifth counterclaim recites may not involve change orders or subcontract proposals. We read the fifth counterclaim to cover only claims and appeals involving "change orders and subcontractor cost proposals,” but not other claims and appeals listed in the fifth counterclaim or in the earlier ones.
An averment of fraud, however, must convey enough information to permit the defending party to mount a defense. See Felton v. Walston and Co., Inc., 508 F.2d 577, 581 (2d Cir. 1974); 5 C. Wright & A. Miller, Federal Practice & Procedure §1297, at 404 (1969) (both construing Fed. R. Civ. P. 9(b)). For example, courts interpreting Federal Rule of Civil Procedure 9(b), which is worded identically to our Rule 33(b), have held that general allegations of fraud based on "information and belief’ do not satisfy the rule without an accompanying statement of the facts upon which the belief is founded. See 2A Moore’s Federal Practice ¶ 9.03, at 9-26 to 9-27 (1980) and cases cited therein.
Of course, the fraud pleading rule does not require the pleader to plead evidence; nor is specificity in pleading fraud intended to substitute for discovery. See Id. at 9-28 to 9-31 (construing Fed. R. Civ. P. 9(b)). But in the fifth *854 counterclaim, the defendant must at least name the co-conspirators with whom the plaintiff allegedly "combined and conspired to defraud the government” and, to the extent the allegations are made upon information and belief, supply the plaintiff with the facts upon which such a belief is based.
Since the defendant’s fifth counterclaim states a claim for relief, we have no reason to dismiss it for failure to plead with greater specificity the details of the conspiracy it alleges. Compare Koebler v. United States, 222 Ct.Cl. 546 (1980); Kaufman v. United States, 219 Ct.Cl. 671 (1979) (claims alleging acts which do not normally constitute cause of action in fraud). Rather, by ordering the defendant to amend its fifth counterclaim to provide a more definite statement, we can alleviate any objections the plaintiff validly has to the lack of specificity.
The defendant contends, however, that it cannot now provide a more definite statement of the facts upon which its claim is based because of a pending grand jury investigation "which may lead to criminal indictments” pertaining to the subject matter of the counterclaim. Presumably, the defendant is concerned that stating the names of the plaintiffs alleged co-conspirators might jeopardize the grand jury proceedings by revealing the targets of the investigation.
In these circumstances, we think it appropriate to defer compliance with our order until the grand jury proceedings are completed. There is no immediate necessity for a more definite statement, since the failure by the defendant to allege its fifth counterclaim with greater specificity has not prevented the plaintiff from framing its answer thereto. The plaintiff did not move this court for the "more definite statement” to which it would have been entitled had the pleading of the fifth counterclaim been "so vague or ambiguous that” the plaintiff could not have "reasonably be[en] required to frame a responsive pleading . . . .” Ct. Cl. Rule 38(e).
*855 CONCLUSION
The plaintiffs motion to dismiss the defendant’s fifth counterclaim and so much of the defendant’s special plea in fraud as incorporates the fifth counterclaim is denied. The defendant is ordered, within 30 days of the completion of the grand jury proceeding concerning possible criminal conduct with respect to the plaintiffs contracts, to amend its fifth counterclaim so as to identify the persons the defendant alleges "combined or conspired” with the plaintiff "to defraud the Government” and to state the facts upon which it bases its "belief’ that the plaintiff so combined and conspired. The defendant’s counsel shall inform the court by letter to the clerk at 60-day intervals from this date of the status of the grand jury proceedings.
On August 10, 1982, pursuant to a stipulation for dismissal, the court dismissed the petition, counterclaims and special plea in fraud under Rule 102(a)(l)(ii).